UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EBONY S.,

                         Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                         Defendant.

_____

DECISION AND ORDER

23-CV-0131DGL

Plaintiff appeals from a denial of disability benefits by the acting Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On March 7, 2017, plaintiff filed an application for supplemental security income benefits, alleging an inability to work since April 17, 2014. Her application was initially denied. Plaintiff requested a hearing, which was held via videoconference on December 17, 2018 before Administrative Law Judge David F. Neumann (the "ALJ"). The ALJ issued a decision on January 30, 2019, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #5 at 939-49). That decision became the final decision of the Commissioner on April 2, 2020, when the Appeals Council denied review. (Dkt. #5 at 1-7).

Plaintiff appealed, and on September 28, 2021, Magistrate Judge H. Kenneth Schroeder reversed the Commissioner's decision and remanded the matter for further proceedings, noting, among other things, that the medical opinion upon which the ALJ had relied with respect to plaintiff's exertional residual functional capacity ("RFC") was stale, and that the record did not

1

otherwise provide sufficient evidence from which the ALJ could make an RFC determination supported by substantial evidence. (Dkt. #5 at 917-28). On remand, the Appeals Council directed the ALJ to: (1) reconsider medical opinion evidence from plaintiff's treating sources, citing the factors set forth in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008); and (2) recontact treating physicians, order a consultative examination, or obtain medical expert testimony, to complete the record with respect to plaintiff's exertional functional capacity. (Dkt. #5 at 854).

A supplemental hearing was held on July 22, 2022, at which plaintiff, vocational expert Michele Erbacher, and medical expert Dr. Andrew Brown testified. The ALJ subsequently ordered a new consultative examination by internist Hongbiao Liu, which took place on August 22, 2022. On October 18, 2022, the ALJ issued an unfavorable decision (Dkt. #5 at 854-71). Plaintiff now appeals.

The plaintiff has moved for judgment on the pleadings reversing the decision and remanding for further proceedings (Dkt. #6), and the Commissioner has cross moved (Dkt. #10) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical history, and determined that she has the severe impairments, not meeting a listed impairment, of cervical and lumbar degenerative disc disease, obesity, left knee meniscus tear, and asthma. (Dkt. #5 at 857).

The ALJ observed that plaintiff had also been diagnosed with adjustment disorder, depression, and anxiety. Applying the special technique for mental impairments, the ALJ determined that plaintiff has no limitation in understanding, remembering, and applying information, a mild limitation in interacting with others, no limitation in maintaining concentration, persistence, and pace, and a mild limitation in adapting or managing herself. (Dkt. #5 at 858). The ALJ accordingly concluded that plaintiff's mental impairments were not disabling, and were nonsevere, but indicated that the RFC assessment reflected the degree of limitation caused by plaintiff's mental impairments. (Dkt. #5 at 857, 859).

The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform a limited range of sedentary work, with the ability to lift and/or carry up to 5 pounds frequently and 10 pounds occasionally, but only from desk level to desk level, and not from ground level. Plaintiff can sit for up to six hours and stand/walk for two and a half hours in an eight-hour workday. She can frequently push or pull with the upper extremities within the previously-described weight limits. She can occasionally reach overhead with a weight limit of up to five pounds, and frequently reach in all other directions. She should avoid unprotected heights, dangerous machinery, concentrated exposure to pollutants, vibrations, or temperature extremes. She can no more than occasionally balance, stoop, kneel, or crouch, but may never crawl, climb ladders, or climb scaffolds. She should avoid climbing stairs, and can tolerate no more than occasional operation of foot controls or motor vehicles. (Dkt. #5 at 859-60).

When presented with this RFC as a hypothetical, the vocational expert testified that an individual of plaintiff's age (35 at the time of her application) and educational level (high school), with this RFC, could return to plaintiff's past relevant work as a telephone operator. Furthermore, such an individual could perform the additional occupations of call out operator, survey worker, and touch up screener. (Dkt. #5 at 868-69). The ALJ accordingly found plaintiff not disabled.

## I.    The ALJ's Evaluation of Plaintiff's Mental Impairments

Plaintiff argues that the ALJ erred by failing to properly evaluate the impact of plaintiff's mental impairments on her RFC. Specifically, plaintiff contends that the ALJ neglected to account for the fact that stress was an aggravating factor for plaintiff's anxiety and depression, and thus erred by formulating an RFC that included no mental limitations.

It is well settled that regardless of whether an impairment is found to be severe, the ALJ is ultimately required to "consider the combined effect of all of [a claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity" to establish disability. *Melendez v. Commissioner*, 2020 U.S. Dist. LEXIS 131543 at *8 (W.D.N.Y. 2020)(citing 20 CFR §§404.2534(c), 416.923(c)). Where stress-related limitations are indicated – and particularly where they are caused by an impairment found to be severe, and/or "opined by an acceptable medical source given great weight" – the ALJ must specifically consider the claimant's particularized ability to deal with stress, and consider the impact of stress on a claimant's RFC. *See Herb v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 441, 447 (W.D.N.Y. 2019).

Plaintiff argues that because plaintiff's anxiety and depression symptoms were typically brought on, as described by the ALJ, in response to "situational stressors" such as financial loss, health problems, or family issues, the ALJ was obligated to engage in a particularized analysis of

plaintiff's ability to handle stress in the workplace, and to make findings concerning the impact of stress on her RFC. (Dkt. #5 at 857, 1223-1412).

The Court disagrees, as the plaintiff's claim that her mental impairments limited her ability to cope with work-related stress is not convincingly supported by the record.

On May 23, 2017, plaintiff was examined by consulting psychiatrist Dr. Susan Santarpia. (Dkt. #5 at 573-77). Dr. Santarpia indicated that plaintiff was not currently undergoing any treatment (therapy or medication) for her symptoms, and reported that financial woes, family problems, and parenting issues were "stressors" in her life that were presently causing her anxiety. Nonetheless, plaintiff presented as wholly normal, except for a dysthymic (depressed) mood and affect. Plaintiff related Dr. Santarpia diagnosed adjustment disorder with mixed, anxious, and depressed mood, but found that plaintiff's psychiatric problems resulted in only mild limitations in social interaction and regulating emotions, controlling behavior, and maintaining well-being. Dr. Santarpia indicated that plaintiff had no other limitations, and that her psychiatric problems were not significant enough to interfere with her day-to-day functioning. (Dkt. #5 at 576). Reviewing agency physician Dr. S. Hennessey considered the record, including Dr. Santarpia's report, and found that plaintiff's mental limitations were non-severe. (Dkt. #5 at 70).

Neither physician indicated that plaintiff had any additional limitations caused by her mental health symptoms, beyond the mild ones that Dr. Santarpia described, in an opinion given "significant weight" by the ALJ. Nor does plaintiff contend that the RFC determined by the ALJ failed to sufficiently account for those limitations, or that the jobs identified by the vocational expert could not be performed by an individual with such limitations.

In short, the ALJ's finding – that other and further RFC limitations were not necessary to account for the effects of plaintiff's non-severe mental impairments – was supported by substantial

evidence, and was not the product of legal error. *See e.g.*, *Heather C. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 90709 at *11 (N.D.N.Y. 2022)(ALJ did not err when he made an RFC finding that did not include mental health limitations, despite medical opinion evidence of "mild" difficulties in social functioning and stress, where plaintiff's mental health impairments were properly found to be "non-severe" at Step Two, causing "no more than a minimal effect" on the plaintiff's ability to work).

Plaintiff also contends that the ALJ's findings about plaintiff's mental RFC were made without a complete record, because the ALJ did not obtain any new medical opinion evidence with respect to plaintiff's mental limitations, and instead relied upon medical opinions rendered in 2017, five years prior to the hearing on remand.

The Court disagrees. A medical opinion may be considered stale where there is "a significant period of time between the date of the opinion and the hearing date, in addition to subsequent evidence 'indicat[ing] a claimant's condition has deteriorated'" over that time. *Mack v. Saul*, 2020 U.S. Dist. LEXIS 133368 at *4 (W.D.N.Y. 2020)(*quoting Majdandzic v. Comm'r of Soc. Sec.*, 2018 U.S. Dist. LEXIS 180068 at *7 (W.D.N.Y. 2018). Here, plaintiff makes no argument, and has produced no evidence, concerning an appreciable change in plaintiff's mental health diagnoses or symptoms since the 2017 mental RFC opinions were rendered, such that those opinions could be considered stale.

**CONCLUSION**

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not the product of legal error. The plaintiff's motion for judgment on the pleadings reversing and remanding the matter for further proceedings (Dkt. #6) is denied, the

Commissioner's cross motion for judgment on the pleadings (Dkt. #10) is granted, the decision appeal-from is affirmed in all respects, and the complaint is dismissed.

     IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 17, 2023.